IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02159-MSK-KLM

SHERIDAN ROSS P.C., and
JOSEPH KOVARIK, Esq.,

    Petitioners,

v.

FLORIDA POWER & LIGHT COMPANY, a Florida corporation,

    Respondent.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Petition to Quash Non-Party Subpoenas** [Docket No. 2; Filed August 15, 2012] (the "Petition") filed by Petitioners Sheridan Ross P.C. and Joseph Kovarik, Esq. (the "Petitioners"). Respondent Florida Power and Light Company ("the Respondent") has filed a Response in Opposition [#6; Filed September 6, 2012] (the "Response") and Petitioners have filed a Reply [#15; Filed December 31, 2012].[1] Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C., the Petition is referred to this Court for decision. [August 15, 2012 unnumbered docket entry]. The Court has reviewed the Petition, the Response, the Reply, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that this case, opened upon the filing of the instant Petition [#2], be

---

[1] Pursuant to two Stipulated Motions to Stay Proceedings [## 9, 12], the Court stayed any action on the Petition until December 31, 2012.  [#14].

**TRANSFERRED** to the Southern District of Florida.

**I.      Background**

Petitioners request in the Petition that the Court quash two non-party subpoenas issued by Respondent in connection with an action currently pending in the United States District Court for the Southern District of Florida, entitled Florida Power & Light Company v. Lixi, Inc., et al., Case No. 9:11-cv-80847-DMM (the "Florida litigation"). *Petition* [#2] at 1. The subpoenas were issued to non-parties Sheridan Ross P.C., a Denver, Colorado law firm, and Joseph E. Kovarik, Esq., a shareholder of Sheridan Ross. *Id.* at 1-2. Mr. Kovarik represents the defendants in the Florida litigation. *Id.*

The dispute underlying the Florida litigation involves "the ownership and inventorship of several patents and patent applications describing and claiming a method and system for non-destructively testing the boom arm of a utility vehicle through the implementation of x-ray radiography." *Response* [#6] at 2. "Boom arms are mounted to utility vehicles to elevate personnel carried within a basket to inspect or repair telephone or utility lines, trees or other objects at elevated heights." [#2] at 2-3.

Respondent, which is also the plaintiff in the Florida litigation, alleges in that action that Defendant Lixi Inc. ("Lixi") breached a purchase agreement with Respondent, among other causes of action, pursuant to which Lixi was to provide Respondent with a "Boom Inspection System" that could inspect specific sections of a boom arm to check for degradation of the arm. [#2] at 2. Respondent alleges that the individual defendants in the Florida litigation failed to comply with the purchase agreement when, through Petitioners, they filed a patent application with the United States Patent and Trademark Office (USPTO)

in December 2010 without identifying two of Respondent's employees as joint inventors. [#6] at 4-5. Respondent further alleges that the individual defendants then assigned their interests in the application, and the subsequently issued patent, to Defendant Lixi. *Id.* at 5. Additionally, Respondent alleges that in September 2011 the individual defendants, again through Petitioners, filed another unauthorized patent application to the USPTO as a continuation of the previously filed application. *Id.*

Respondent asserts that it has propounded discovery requests to the defendants in the Florida litigation pertaining to the preparation, filing and prosecution of the two patent applications. *Id.* Respondent contends that despite that request, none of the more than 800 pages of documents disclosed by the defendants relate to the patent applications. *Id.* at 6. As a result, Respondent filed a Motion to Compel [#84 of Case No. 9:11-cv-80847-DMM in the Southern District of Florida] on August 21, 2012 requesting that the court issue an order compelling the defendants and third party Sheridan Ross "to provide [Respondent] with any and all documents and electronically stored information relating to the preparation, filing, and prosecution" of the two patent applications at issue as requested in its request for production of documents and in the subpoena duces tecum to Sheridan Ross.

Prior to filing its motion to compel in the Florida litigation, on August 13, 2012, Respondent issued, through the United States District Court for the District of Colorado, the two subpoenas that are the subject of the instant Petition. [## 2-2 and 2-3]. The first is a subpoena to Sheridan Ross to submit to a Rule 30(b)(6) deposition regarding the patent applications, among other matters. [#2-2 at 4-14]. The second is a subpoena to Attorney Kovarik to provide deposition testimony and produce documents related to the patent

3

applications, among other matters. [#2-3 at 4-15].[2]  Two days after the subpoenas were issued, Petitioners filed the instant Petition. [#2].

**II.    Analysis**

Petitioners argue that the subpoenas should be quashed because the information sought is identical to information already requested in the Florida litigation. [#2] at 5. Additionally, they argue that Sheridan Ross has already stipulated that it has no information beyond what has already been requested from the defendants through the discovery process. *Id.* Petitioners further argue that Respondent has not demonstrated that the limited circumstances under which an opposing attorney may be deposed are present here. *Id.* at 5-6. Petitioners conclude that the subpoenas "serve no other purpose than to unduly burden and harass" them. *Id.* at 5. They request therefore that the subpoenas be quashed and that the Court impose sanctions against Respondent. *Id.* at 10-11.

Respondent argues that it is entitled to documents, communications and testimony pertaining to the prosecution of the two patent applications and that the scope of a subpoena under Rule 45 is broad enough to obtain such information. [#6] at 7-8. Respondent further contends that the information sought is not privileged and that it has

---

[2] Respondent previously issued a subpoena to Sheridan Ross in June 2012 seeking the same information at issue here. [#6] at 5. Respondent contends that "[i]n an effort to compromise," it informed Sheridan Ross that it would withdraw the subpoena if Sheridan Ross would stipulate that it had no other responsive documents beyond those that the defendants in the Florida litigation had already produced or may still be required to produce. *Id.* at 5-6. Respondent asserts that on July 22, 2012, Sheridan Ross accepted Respondent's offer and so stipulated. *Id.* at 6. After receiving discovery responses from the defendants on August 3, 2012, however, Respondent believed that the defendants were "obfuscating the documents and communications" pertaining to the two patent applications. *Id.* at 6. Therefore, to abide by its stipulation with Sheridan Ross, Respondent's current subpoenas seek only a Rule 30(b)(6) deposition from Sheridan Ross while seeking documents (and a deposition) regarding the patent applications from Attorney Kovarik individually. *Id.* at 6.

4

satisfied the requirements to depose Attorney Kovarik.  Respondent therefore requests that the Petition be denied and that the Court compel Petitioners to produce the documents sought by the subpoenas and to provide the required deposition testimony.

Fed. R. Civ. P. 45 governs discovery from non-parties by subpoena.  Rule 45 requires that the recipient of a subpoena "timely" file a motion to quash or modify the subpoena if it (1) fails to allow a reasonable time to comply, (2) requires disclosure of privileged or other protected matter, or (3) subjects a person to undue burden.  *See* Fed. R. Civ. P. 45(c)(3)(A).  Pursuant to Rule 45(c)(3), motions to quash, modify, or condition the subpoena must be brought in the district court in the district from which the subpoena was issued.  That is, only the issuing court has the requisite jurisdiction to enforce the subpoena, and therefore it is the logical forum for altering its terms or finding it unenforceable.  *See* 9A Wright & Miller, Federal Practice and Procedure § 2463 (2d ed. 1995).

The issuing court, however, also has discretion to transfer motions involving the subpoena to the district in which the action is pending.  *See Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (holding that a Magistrate Judge in the District of Kansas had the authority to transfer a motion to quash subpoena pursuant to Rule 45 to the district court supervising the underlying action); *Goodyear Tire & Rubber Company v. Kirk's Tire & Auto Serv. Center*, 211 F.R.D. 658, 660 (D. Kan. 2003) (citing *Peterson*).  "Nothing in Rule 45 or the commentary thereto and no case cited to us ... compels us to conclude that only the [issuing court] magistrate [judge] had the authority to rule on a motion to quash, effectively prohibiting him from transferring the motion to [the court presiding over the underlying action]" *Peterson*, 940 F.2d at 1391.  "[T]he court where

the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, *unless there is a transfer or remittance of the matter from the issuing court.*" *Jennings v. Short-Elliot-Hendrickson, Inc.*, No. 05-cv-01056-LTB-MEH, 2007 WL 2045497, at *1 (D.Colo. July 10, 2007) (unpublished decision) (emphasis added).

The Court finds that the circumstances here present precisely the type of scenario under which the Court should exercise its discretion to transfer the matter to the district in which the underlying litigation is pending. Both Petitioner and Respondent acknowledge that the information sought by the subpoenas at issue is the same information sought by the motion to compel pending before the court presiding over the Florida litigation. The docket for the United States District Court for the Southern District of Florida reflects that a status conference is set for January 25, 2013 at which time a hearing on the motion to compel will be set. [#106 of Case No. 9:11-cv-80847-DMM in the Southern District of Florida]. Thus, it is unclear when a ruling on the motion to compel may be issued. This Court finds little to be gained by issuing a ruling on the Petition here when a motion to compel the same information is pending before the judge who has presided over the Florida litigation since October 2011. [#16 of Case No. 9:11-cv-80847-DMM in the Southern District of Florida]. Clearly, the judge presiding over the Florida litigation, with his historical knowledge of the underlying case, is better situated to determine what, if any, documents related to the patent applications must be disclosed to Respondent.

Moreover, the Court has no concerns regarding any inconvenience a transfer would impose on the non-party Petitioners. *See Church v. Dana Kepner Co., Inc.*, No. 11-02632-CMA-MEH, 2012 WL 5381561, at *1 n.1 (D.Colo. November 1, 2012) (recognizing that a key purpose behind Fed. R. Civ. P. 45 is to protect the non-party witness). As counsel for

the defendants in the Florida litigation, Petitioners Kovarik and Sheridan Ross are already intimately involved in that action. Thus, a transfer of this matter to the Southern District of Florida would impose no inconvenience upon Petitioners. The same holds true for Respondent, which, as noted above, is the plaintiff in the Florida litigation.

## III. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Petition [#2] and this action be **TRANSFERRED** to the Southern District of Florida for consideration by the judge currently presiding over the Florida litigation.[3]

///

///

///

///

///

///

///

///

///

///

///

///

---

[3] Because a decision to transfer a case is considered a dispositive ruling in this district, the Court issues its decision as a recommendation to the District Judge. *See* D.C.COLO.LCivR 72.3(A) ("Dispositive motions include ... motions for transfer ...."); 28 U.S.C. § 636(b)(1).

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 22, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge